ALK:LRO/AP
F. #2023R00598

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT
E.D.N.Y.
*FEBRUARY 2, 2026*
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

- against -

RAFAEL HERNANDEZ,
    also known as "Cap" and
    "Ralphy," and
JOIBEL PEREZ,
    also known as "J.P.,"

             Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - X

I N D I C T M E N T

Cr. No. 26-CR-020
(T. 18, U.S.C., §§ 924(c)(1)(A)(i),
924(c)(1)(A)(ii), 924(c)(1)(A)(iii),
924(d)(1), 924(j)(1), 2 and 3551 et seq.;
T. 21, U.S.C., §§ 841(b)(1)(D), 846,
853(a) and 853(p); T. 28, U.S.C.,
§ 2461(c))

Judge Hector Gonzalez
Magistrate Judge Robert Levy

THE GRAND JURY CHARGES:

## COUNT ONE
(Conspiracy to Distribute and Possess with Intent to Distribute Marijuana)

1. In or about and between December 2020 and February 2021, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants RAFAEL HERNANDEZ, also known as "Cap" and "Ralphy," and JOIBEL PEREZ, also known as "J.P.," together with others, did knowingly and intentionally conspire to distribute and possess with intent to distribute a controlled substance, which offense involved a substance containing marijuana, a Schedule I controlled substance, for remuneration, contrary to Title 21, United States Code, Section 841(a)(1).

(Title 21, United States Code, Sections 846 and 841(b)(1)(D); Title 18, United States Code, Sections 3551 et seq.)

## COUNT TWO
(Possessing, Brandishing and Discharging a Firearm During a Drug Trafficking Crime)

2. On or about February 26, 2021, within the Eastern District of New York and elsewhere, the defendants RAFAEL HERNANDEZ, also known as "Cap" and "Ralphy," and JOIBEL PEREZ, also known as "J.P.," together with others, did knowingly and intentionally use and carry one or more firearms during and in relation to a drug trafficking crime, to wit: the crime charged in Count One, and did knowingly and intentionally possess such firearms in furtherance of said drug trafficking crime, one or more of which firearms was brandished and discharged.

(Title 18, United States Code, Sections 924(c)(1)(A)(i), 924(c)(1)(A)(ii), 924(c)(1)(A)(iii), 2 and 3551 et seq.)

## COUNT THREE
(Causing the Death of Akil Kornegay Through the Use of a Firearm)

3. On or about February 26, 2021, within the Eastern District of New York and elsewhere, the defendants RAFAEL HERNANDEZ, also known as "Cap" and "Ralphy," and JOIBEL PEREZ, also known as "J.P.," together with others, in the course of a violation of Title 18, United States Code, Section 924(c), to wit: the crime charged in Count Two, did knowingly and intentionally cause the death of a person through the use of a firearm, which killing was a murder as defined in Title 18, United States Code, Section 1111(a), in that the defendants, together with others, with malice aforethought, did unlawfully kill Akil Kornegay willfully, deliberately, maliciously and with premeditation.

(Title 18, United States Code, Sections 924(j)(1), 2 and 3551 et seq.)

## CRIMINAL FORFEITURE ALLEGATION
## AS TO COUNT ONE

4. The United States hereby gives notice to the defendants that, upon their conviction of the offense charged in Count One, the government will seek forfeiture in accordance with Title 21, United States Code, Section 853(a), which requires any person convicted of such offense to forfeit: (a) any property constituting, or derived from, any proceeds obtained directly or indirectly as the result of such offense; and (b) any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offense.

5. If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

    (a) cannot be located upon the exercise of due diligence;

    (b) has been transferred or sold to, or deposited with, a third party;

    (c) has been placed beyond the jurisdiction of the court;

    (d) has been substantially diminished in value; or

    (e) has been commingled with other property which cannot be divided without difficulty,

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the forfeitable property described in this forfeiture allegation.

(Title 21, United States Code, Sections 853(a) and 853(p))

4

## CRIMINAL FORFEITURE ALLEGATION
## AS TO COUNTS TWO AND THREE

6. The United States hereby gives notice to the defendants that, upon their conviction of either of the offenses charged in Counts Two and Three, the government will seek forfeiture in accordance with Title 18, United States Code, Section 924(d)(1) and Title 28, United States Code, Section 2461(c), which require the forfeiture of any firearm or ammunition involved in or used in any knowing violation of Title 18, United States Code, Section 922 or Section 924.

7. If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

    (a) cannot be located upon the exercise of due diligence;

    (b) has been transferred or sold to, or deposited with, a third party;

    (c) has been placed beyond the jurisdiction of the court;

    (d) has been substantially diminished in value; or

    (e) has been commingled with other property which cannot be divided without difficulty,

5

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Section 924(d)(1); Title 21, United States Code, Section 853(p); Title 28, United States Code, Section 2461(c))

A TRUE BILL

_____s/_____
FOREPERSON

By: *Whitman G.S. Knapp, AUSA*
JOSEPH NOCELLA, JR.
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK